IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES J. OWENS-EL, #000305-131                *
          Petitioner,
    v.                                                                       *       CIVIL ACTION NO. WDQ-14-3441

UNITED STATES PAROLE COMMISSION,   *
 *et al.*
          Respondents.                    *
                           *****

MEMORANDUM

Petitioner James J. Owens-el has filed two habeas corpus petitions in this case, one self-represented and the other prepared by counsel. ECF No. 1. Affording the consolidated petitions a generous construction, it appears that Owens-el is alleging that he is illegally being held under parole supervision by the U.S. Parole Commission. He asserts that he has effectively completed his federal term, as one of his two prior federal convictions and sentences was "terminated" and his Maryland conviction was vacated. The cause of action, construed as a 28 U.S.C. § 2241 petition for habeas corpus relief, shall be dismissed without prejudice.

Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973).

In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credit calculations, courts have required petitioners first to exhaust their

administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 335–36 (1992); *see also Cruz v. Clark*, 684 F.Supp. 1335, 1337 (E.D. Va. 1988) ("Judicial review of a claim challenging a Parole Commission decision is available under 28 U.S.C. § 2241 after exhaustion of administrative remedies."). If an inmate procedurally defaults on his federal administrative remedies, the exhaustion requirement may only be excused upon a showing of cause and prejudice. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir.2001), *cited in McClung v. Shearin*, 90 F. App'x 444, 445–46 (4th Cir. 2004).

Owens-el must exhaust his claim through the Administrative Remedy Program, which the Bureau of Prisons established to address inmate grievances. *See* 28 C.F.R. §§ 542.10–542.19. This program requires an inmate to resolve his issue informally before submitting a Request for Administrative Remedy with a member of his Unit Team. *See* 28 C.F.R. § 542.13. If the inmate is unable to resolve his issue informally, he may submit a formal written Administrative Remedy Request to the Warden on a BP–9 form. *See* 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he may appeal the decision to the Regional Director by submitting a BP–10 form. *See* 28 C.F.R. § 542.15. Finally, in the event that the inmate is dissatisfied with the Regional Director's response, the inmate may file a BP–11 appeal with the General Counsel in Washington, D.C. *Id.* An appeal to the General Counsel is the final administrative appeal required before an inmate may file suit in district court. *Id.*

Where, as here, there is no showing or allegation that Owens-el has taken steps to exhaust his administrative remedies with regard to Parole Commissions actions or inactions, the court may not

review his petition. Therefore, his claim must be dismissed without prejudice to his ability to raise it once he has exhausted all administrative remedies.

Date: __11/5/14__                            _____
                                             William D. Quarles, Jr.
                                             United States District Judge